UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CLAUDE PATRICK SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:15-CV-301-JRG-MCLC |
| v. ) | |
| ) | |
| GREENE COUNTY DETENTION CENTER, ) | |
| GREENE COUNTY SHERIFF'S ) | |
| DEPARTMENT, PAT HANKINS, and ) | |
| ROGER WILLETT, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This is a pro se prisoner's complaint filed pursuant to 42 U.S.C. § 1983. On February 7, 2018, the Court entered an order providing, *inter alia*, that Plaintiff had fifteen days from entry of that order to file an amended complaint [Doc. 5]. Defendants filed a response to the Court's order [Doc. 6], in which Defendants assert that Plaintiff was released from the Greene County jail on January 26, 2016. The United States Postal Service also returned the Court's mail to Plaintiff containing this order as undeliverable [Doc. 8].

Accordingly, on February 15, 2018, the Court entered an order requiring Plaintiff to show cause within fifteen days as to why this matter should not be dismissed for failure to prosecute and notifying Plaintiff that, if he did not comply with this order, the matter would be dismissed for want of prosecution and failure to comply with Court orders [Doc. 10]. More than fifteen days have passed and Plaintiff has not responded to this order.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012);

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff did not receive the Court's orders because he failed to update his address and/or monitor this action as required by this Court's Local Rule 83.13 [Docs. 6, 8]. Accordingly, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Defendants have not been prejudiced by Plaintiff's failure to comply with the Court's order.

As to the third factor, Plaintiff was warned that the Court would dismiss this case if he failed to update his address with the Court and/or comply with the Court's order [Doc. 5 p. 5; Doc. 10 p. 1].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner who was seeking leave to proceed *in forma pauperis* in this action [Doc. 3] and Plaintiff has not pursued this action since filing his motion for leave to proceed *in forma pauperis*.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action without prejudice pursuant to Rule 41(b). *White v. City of Grand*

*Rapids*, No. 01-229234, 34 F. App'x 210, 211, 2002 WL 926998, at *1 (6th Cir. May 7, 2002) (finding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *Jourdan v. Jabe,* 951 F.2d 108 (6th Cir. 1991).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE